## GENERAL COURT, MAY TERM, 1804.

### SALMON *vs.* YATES

No agreement for the stay of execution on a judgment, which is not entered on the docket at the time the judgment is rendered, can make it unnecessary to issue a *sci fa.* to revive the judgment when a year and a day has passed from the time such judgment was rendered This is the construction of the act of *October* 1778, ch. 21. s. 7.

A MOTION was made, and a rule obtained at the last term, at the instance of the assignees of the defendant, who had been declared a bankrupt, on the plaintiff, to shew cause at this term why three writs of *fieri facias,* (two of which were laid,) ought not to be *quashed.* Affidavits were filed.

*S. Chase, Junr.* for the assignees, at this term, stated that three judgments were obtained in this court at May term 1802, by the present plaintiff against *Yates,* the defendant, and that a stay of execution until the 1*st of August* 1802, was entered in each case. That an agreement was entered into between the plaintiff and defendant, that the plaintiff should take notes, and that notes were paid on the 7th August 1802. That an agreement to stay executions beyond the time given on the record, was signed by both parties, but not entered on the docket, dated the 2d August 1802, and filed in this court on the 14th *of September* 1803, when orders were given for taking out the writs of *fieri facias* in these cases, which writs issued on the 17th September 1803, and two of them were laid on the property of the defendant on the 29th September 1803.

He stated, that the question then was, whether it was competent for the parties, by a private agree-

ment not entered on record, to stipulate relative to an extension of the stay of execution, so as to enable the plaintiff to sue out executions after a year and a day from the expiration of the stay entered of record?

The agreement produced is dated after the stay on record had expired, viz. 2d August 1802, and not filed in this court until the 14th September 1803; the purport of the agreement was, that if the notes were not paid when they become due, the plaintiff might take out executions on the judgments. The executions issued on the 17th of September 1803; a commission of bankruptcy issued against *Yates*, and he was declared a bankrupt on the 14th of October 1803. The writs of *fieri facias* have issued improperly, no *scire facias's* having first issued to revive the judgments which were out of date when the executions issued, a year and a day having expired from the termination of the stay of execution as regularly entered on record. The court are to watch over and take care that their process is not abused. If a plaintiff, after a year and a day, sue out execution without having first issued a *scire facias*, it is void, *Russell's* case, 4 *Leon.* 197. *Blayer vs. Baldwin*, 2 *Wils.* 82. 6 *Mod.* 288 The court cannot notice any agreement respecting the stay of execution which has not been regularly entered on the record. The presumption is that the judgment is satisfied unless it appears by the record that the party can take out execution. 3 *Blk. Com.* 421. Third persons have become interested, and the court will not countenance any such agreement to prejudice innocent persons. The legislature saw this inconvenience, and they intended to guard against it by the act of October 1778, *ch.* 21, *s.* 7, which provides that the stay must be entered on the docket at the time of entering the judgment. This agreement was not entered into for 16 months after the judgments were rendered. The entry on the docket in each case is "stay of execution until the 1st of August next," (1802).

MAY 1804

Salmon
vs
Yates

*Hollingsworth*, for the plaintiff. This is an application to the discretion of the court. All judgments, at the time they are entered, are by an agreement of the counsel long practiced and used in this court, subject to a certain stay, viz. judgments entered in May, until the 1st of August then next, and those entered in October until the 1st of January following. In this case the usual stay was entered until the 1st of August 1802, after which notes were given in payment, and an agreement entered into, that executions were further to be stayed, and only to be issued on default of payment of the notes. The reason why a *scire facias* issues, is to give an opportunity to the party to shew a payment; no such reason existed in this case, as the stay was altogether an indulgence to the defendant, and granted at his own request. It is competent for the parties to extend the stay, and the act of October 1778, *ch.* 21, does not forbid a private agreement to that effect. The only irregularity, if any, is in not entering the agreement for the extension of the stay on the record. The writs of *fieri facias* were levied long before *Yates* became a bankrupt, or before a commission had issued against him, and no other person was interested at the time the agreement was signed, or at the time the writs of *fieri facias* issued and were laid. It is therefore not interfering with the rights of third persons. The court are bound to take notice of the terms of the judgment which the parties may have entered into.

*S. Chase, Junr.* in reply. The plaintiff has not pursued the mode pointed out by the law for issuing his executions. In 6 *Mod.* 288, it is a positive rule of law that the judgment is considered as satisfied after a year and a day, and that the party is put to his *scire facias.* The defendant was taken in execution, on another execution, on the 5th of August 1803, and he was in actual confinement under it. Upon that confinement he was declared a bankrupt. The bankruptcy relates to the commitment, viz. the 5th August 1803, which was before the issuing the present exe-

cutions. The assignees therefore became interested, and Major *Yates* had no control, and had no authority to consent to the issuing the executions, or to enter into the agreement which, though dated before, was not in point of fact entered into until the 14th of September 1803. The law is express that the stay of execution must be entered on the docket *at the time the judgment* is entered; and if the agreement had been made at any time *after* the judgment, it could not avail the plaintiff. Frauds may be practiced, a judgment may be satisfied although not entered on the docket, and by a pretended agreement an execution may be taken out years after.

CHASE, Ch. J. The act of *October* 1778, *ch.* 21, s. 7, is very plain and explicit, that the stay of execution must be entered on the docket at the time the judgment is entered, in order to warrant an execution being issued thereon, without a *scire facias,* after a year and a day have expired. In this case the stays not having been so entered, the executions could not legally issue, and therefore the court *quash* the writs of *fieri facias* and returns, with costs.